T.C. Memo. 2014-156

UNITED STATES TAX COURT

MARCUS OCTAVIOUS CRAWFORD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16724-12.                         Filed August 4, 2014.

Marcus Octavious Crawford, representing himself.

Olivia H. Rembach, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, Judge:  The respondent (the IRS) issued a notice of deficiency

to the petitioner, Marcus Octavious Crawford, for tax year 2009 determining a

[*2] deficiency of $4,109 and an addition to tax under section 6651(a)(1)[1] for failure to timely file of $219.45. Crawford timely petitioned this Court under section 6213(a) for redetermination of the deficiency and the addition to tax. We have jurisdiction under section 6214. Our resolution of the issues for decision is as follows:

(1) Crawford is not entitled to deductions claimed on Schedule C, "Profit or Loss From Business", for car-and-truck expenses;

(2) Crawford is not entitled to deductions claimed on Schedule C for travel expenses;

(3) Crawford is not entitled to deductions claimed on Schedule C for meals-and-entertainment expenses; but

(4) Crawford is not liable for any amount of the section-6651(a)(1) addition to tax for failure to timely file.

FINDINGS OF FACT

Some of the facts in this case have been stipulated. We hereby incorporate those facts in the Court's findings of fact. Crawford was a resident of North Carolina when he filed his petition.

---

[1]All section references are to the Internal Revenue Code of 1986 as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] Crawford's 2009 Income and Expenditures

During 2009 Crawford was paid $52,659 of wage income working as an engineer for AFL Telecommunications at its office in Duncan, South Carolina. He made a daily commute to Duncan from his home in Charlotte, North Carolina, 92 miles away. As part of his job with AFL Telecommunications, Crawford sometimes had to travel, either by car or by plane. His travel costs were reimbursed fully by AFL Telecommunications.

Besides his job with AFL Telecommunications, Crawford sold nutritional supplements for a company called Vemma. He also recruited potential new salespeople for Vemma. Crawford claims that he traveled by car for his work for Vemma and that he often had meetings over meals with potential customers and with potential Vemma salespeople. He had two cars, and he used both of them for various purposes, not just driving for the Vemma business.

Crawford's Tax Return and the Notice of Deficiency

Crawford's 2009 tax return, a Form 1040, "U.S. Individual Income Tax Return", was dated June 24, 2010, according to the computer summary of the return, which is in the record. The parties stipulated that the return was timely filed. Crawford's filing status was married filing separately. He reported wage and salary income of $52,659 from AFL Telecommunications on the return. He

[*4] attached to his return a Schedule C purporting to report the income and losses from his business with Vemma. On this Schedule C he reported gross receipts of $1,183 and $38,123 in business expenses.

In the notice of deficiency, the IRS disallowed $27,759 of the $38,123 of claimed Schedule C expense deductions in the following amounts and categories:

- the full $20,149 Crawford claimed for car-and-truck expenses,

- $2,981 of the $3,478 Crawford claimed for travel expenses, and

- $4,629 of the $4,653 Crawford claimed for meals-and-entertainment expenses.

Procedural History

Crawford timely filed a petition in this Court for redetermination of the deficiency and the addition to tax. In the petition Crawford claimed that he "sent documentation * * * showing that * * * [he] was entitle[d] to these deductions". By "these deductions" we presume Crawford meant the $27,759 of Schedule C expense deductions that the IRS disallowed. As explained above, the disallowed deductions were in three categories: travel, car-and-truck, and meals-and-entertainment. Trial was held in Winston-Salem, North Carolina.

Crawford introduced into the record various receipts, invoices, and travel-reservation-confirmation printouts.

**[\*5]** Crawford offered as evidence his daily calendar for 2009. The daily entries on the calendar contain notations related to his activities for the day. Some of the notations are a location, for example, "Hendersonville". Some of the notations are a person's name, for example, "Charles", "Victoria", "Will", or "Charlotte". Some of the notations appear to indicate an activity, for example, "Mail Salle Mae", "Get hair cut", or "Lynn order placed momentum pk". At trial, Crawford did not explain what any specific notation on the calendar meant. Some of the days are also annotated with numbers for "miles". For the days that are annotated with mileage, the text notation for that day is sometimes a location. Sometimes the text notation for that day is not a location. Sometimes it is unclear whether the text notation refers to a location or something else.

Crawford also offered as evidence a spreadsheet of his claimed meals-and-entertainment expenses. The spreadsheet lists the following information for each expense:

- the name of the store or restaurant at which the expense was incurred and paid (usually a restaurant);

- the date of the expense;

- the dollar amount of the expense; and

**[\*6]** ● the business purpose of the expense, which for every entry is "Interview/team training".

The IRS objected to the admission of Crawford's daily calendar and his meals-and-entertainment spreadsheet on the grounds that the documents are inadmissible hearsay. Crawford testified that he gave a copy of the calendar and his meals-and-entertainment spreadsheet to his tax-return-preparation firm, Jackson Hewitt, to prepare his return. Even if we were to admit the daily calendar and the spreadsheet into evidence and give them their due weight as evidence, the two documents in combination with the documentary evidence and testimony do not demonstrate that Crawford is entitled to any of the disputed deductions. Therefore it is unnecessary to decide whether the daily calendar and meals-and-entertainment spreadsheet are admissible.

We ordered briefs to be filed after trial. The IRS filed a brief, but Crawford, who is not represented by counsel, did not. We have ascertained Crawford's arguments as best we can from his petition, his testimony, and the evidence in the record, including the stipulation of facts.

**[*7]**                                    OPINION

1.      The Burden of Proof as to the Disputed Deductions

As a preliminary matter, we must determine which party bears the burden of proof as to the disputed deductions.  As a general rule, the taxpayer bears the burden of proving that the determinations in the notice of deficiency are incorrect. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933); Jackson v. Commissioner, 73 T.C. 394, 400 (1979).  In an exception to the general rule, section 7491(a) imposes the burden of proof on the IRS with respect to a given factual issue where a taxpayer (1) introduces credible evidence with respect to that issue, (2) meets all applicable substantiation requirements, (3) complies with all recordkeeping requirements, and (4) cooperates with any reasonable requests for information.  Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001).  The deductions Crawford seeks were disallowed in the notice of deficiency.  Crawford does not assert, and the record does not demonstrate, that the requirements of section 7491(a) have been met.  Therefore, the burden of proof remains with him.

2.      General Rules for Business Deductions

A taxpayer may deduct ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business but must maintain sufficient records to substantiate the expenses.  Secs. 162(a), 6001; sec. 1.6001-

[*8] 1(a), Income Tax Regs. No deduction is allowed for personal, living, or family expenses. Sec. 262(a); see Henry v. Commissioner, 36 T.C. 879, 883-884 (1961). A taxpayer who is an employee may deduct only expenses for which he or she could not have been reimbursed by an employer. Lucas v. Commissioner, 79 T.C. 1, 7 (1982); Podems v. Commissioner, 24 T.C. 21, 22-23 (1955).

One type of deductible business expense is the cost of transportation related to business, including both local transportation and the cost of traveling away from home on overnight trips. Sec. 162(a); see sec. 1.274-5(j)(2), Income Tax Regs. The expenses paid for a taxpayer's daily commute to work, however, are not deductible. This is because a taxpayer's commuting expenditures are generally classified as personal expenses, and personal expenses are not deductible. Sec. 262(a); sec. 1.262-1(b)(5), Income Tax Regs. The cost of business-related meals is a deductible business expense, at least in part. See sec. 274(n). Also, payments for meals on business trips away from home are deductible business expenses. Sec. 162(a).

Section 274(d)(4) provides that some business expenses are subject to strict substantiation requirements. Sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Generally, in order to meet the standard of section 274(d), a taxpayer must show: (1) the amount of the expense, (2) the time

[*9] and place of the expense, (3) the business purpose of the expense, and (4) the business relationship to the taxpayer of any person entertained (if the expense is for meals or entertainment). Sec. 274(d) (flush language). The taxpayer must prove each of these elements either by (1) adequate records or (2) other sufficient evidence corroborating the taxpayer's own statement. Id.; see sec. 1.274-5T(c)(2) and (3), Temporary Income Tax Regs, 50 Fed. Reg. 460174-46020 (Nov. 6, 1985). All three categories of deductions Crawford claimed--car-and-truck expenses, travel expenses, and meals-and-entertainment expenses--must be strictly substantiated.

3.      Deductions for Car-and-Truck Expenses for 2009

The requirements of section 274(d)(4) apply to any expense with respect to "listed property (as defined in section 280F(d)(4))". "Listed property" includes passenger automobiles and any other property used as a means of transportation, including trucks. Sec. 280F(d)(4)(A)(i) and (ii), (5)(A).

With respect to car-and-truck expenses, section 274(d) provides that a taxpayer must substantiate the amount of the expense and the time, place, and business purpose of the use of the car or truck. However, a taxpayer may opt to use the standard mileage rate, as established by the IRS for a given tax year, in lieu

[*10] of substantiating the amounts of the actual expenses.[2] See sec. 1.274-5(j)(2), Income Tax Regs. For 2009 the standard mileage rate for business use of a passenger automobile was 55 cents per mile. Rev. Proc. 2008-72, sec. 2.01, 2008-2 C.B. (Vol. 2) 1286, 1286; see also sec. 1.274-5(j)(2), Income Tax Regs. (granting the Commissioner the authority to establish a method under which a taxpayer may use mileage rates to substantiate the expense of using a vehicle for business purposes). A taxpayer who opts to use the standard mileage rate is relieved of the obligation to substantiate the amount of the expense but is not relieved of the obligation to substantiate the amount of the business use of the car or truck (i.e., the amount of business mileage), the time of the use of the car or truck, and the business purpose of the use. Sec. 1.274-5(j)(2), Income Tax Regs.

Crawford claimed a deduction of $20,149 for car-and-truck expenses. These expenses were, he testified, for driving his car to meetings where he discussed either sales of Vemma products, the recruitment of new Vemma sellers, or both. He seeks to corroborate this testimony with his daily calendar, which

---

[2]We are not certain from the record whether Crawford intended his deduction for car-and-truck expenses to be based on actual expense amounts, since he submitted receipts for gasoline, or to be based on the standard mileage rate, since he submitted the calendar, which indicates miles he claimed he traveled for business. Either way, Crawford has not demonstrated he is entitled to a deduction for the expenses of operating his vehicles.

**[\*11]** contains notations appearing to show his travel destination in some instances and in some instances a number for mileage.

We find the locational notations on the calendar unreliable. In several instances, a location is marked on the calendar for a particular day, but a receipt shows that Crawford was somewhere else that day.[3] Crawford admitted at trial that these particular locational entries are incorrect. From this we find dubious all of the entries in the calendar regarding location. Thus, we disregard the entries on the daily calendar in determining the business use of Crawford's vehicles.

Setting aside our concerns about the accuracy of the calendar, the notations on the calendar are too vague or too ambiguous for us to know which mileage entries are related to Vemma business (as opposed to AFL Telecommunications business or personal errands). And we cannot simply assume that all entries on the calendar with mileage amounts are related to Vemma trips. Crawford admitted that not all of the entries on the calendar for mileage are related to Vemma trips. Consequently, we cannot reliably find that all of the mileage entries are for travel related to the Vemma business.

---

[3]Some of the receipts we refer to are for meals-and-entertainment expenses rather than car-and-truck expenses. Nonetheless we consider them here because they show that Crawford was, on more than one occasion, not in the place he indicated in the calendar.

**[\*12]** Crawford submitted receipts for the purchase of gasoline. This may give rise to the inference that Crawford is seeking to deduct amounts of actual expenses, as an alternative to deductions based on mileage. Crawford admitted that a number of expenses for gasoline were incurred for his commute. These expenses are not deductible. Nothing in the record (and in the disputed daily calendar and meals-and-entertainment spreadsheet) establishes which receipts are related to the Vemma business.

We hold that Crawford is not entitled to any deductions for car-and-truck expenses for 2009.

4. Deductions for Travel Expenses for 2009

There is a deduction for expenses for travel away from home, as long as the expenses are reasonable, necessary, and directly attributable to the taxpayer's business. Sec. 162(a)(2); sec. 1.162-2(a), Income Tax Regs. If the trip is undertaken for both business and personal reasons, travel expenses are deductible only if the primary purpose of the trip is business. See sec. 1.162-2(b)(1), Income Tax Regs. Whether the primary purpose of the trip is business or personal depends on all the facts and circumstances, and particularly on the amount of time during the trip that the taxpayer devoted to business as compared to the time for personal activities. Sec. 1.162-2(b)(2), Income Tax Regs.

**[*13]** The expenses of travel away from home are subject to the strict substantiation requirements of section 274. Secs. 274(d)(1); sec. 1.274-5T(b)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). With respect to travel expenses, the taxpayer must show the amount of the expenditure, the date of departure and return for each trip, the number of days away from home spent on business, the destinations or locality of travel, and the business purpose of the travel. As previously stated, each of these elements must be proven by (1) adequate records or (2) other sufficient evidence corroborating the taxpayer's own statement.

To substantiate his expenses for traveling away from home, Crawford introduced into evidence copies of (1) invoices, and (2) travel-reservation-confirmation printouts, and (3) receipts. In addition, Crawford provided his daily calendar. We find that these sets of documents are insufficient substantiation. We begin with the invoices and the travel-reservation-confirmation printouts. The invoices and printouts do not prove that the amounts invoiced or referred to in the printouts were actually paid by anyone. Even if we were to assume that all the amounts on the invoices and travel-reservation-confirmation printouts were paid, it is unclear from any documents (including the receipts) that the payor was Crawford, as opposed to, say, AFL Telecommunications. Crawford testified that

[*14] he paid for the travel referred to on the invoices or travel-reservation-confirmation printouts, but we did not find the testimony credible. Therefore he may not deduct any expense documented by the invoices or travel-reservation-confirmation printouts.

As for the receipts, a number of them relate to expenses that were paid by a credit card with a card number ending with 1904. Crawford admitted at trial that AFL Telecommunications reimbursed him for all payments made with that credit card. Therefore he is not entitled to a deduction for any expense appearing on the receipts corresponding to purchases made by the credit card with a card number ending with 1904. See Lucas v. Commissioner, 79 T.C. at 7; Podems v. Commissioner, 24 T.C. at 22-23.

As for the travel corresponding to the remaining receipts, there is an absence of documentation of the business purpose of the travel to which the receipts correspond. The potentially relevant documents are receipts, invoices, and the daily calendar. None of these documents indicate that any of these trips are related to Vemma. Thus, Crawford has failed to provide substantiation for the business purpose of these particular trips. Crawford's uncorroborated testimony is unpersuasive and insufficient. Crawford asserted generally that he traveled away from home for his Vemma business, but he failed to give the reason for any

[*15] particular trip.  Furthermore he was not a credible witness generally.

Therefore we hold that he is not entitled to a deduction in any amount for the

expenses of traveling away from home.

5.      Deductions for Meals-and-Entertainment Expenses for 2009

Fifty percent of expenses for meals that are directly connected to a

taxpayer's trade or business, such as lunch or dinner meetings with clients, is

deductible.  Secs. 162, 274(n).  The strict substantiation requirements of section

274 apply to meals-and-entertainment expenses.[4]  These requirements are that the

taxpayer must show:  (1) the amount of each expenditure, (2) the time and place of

each expenditure, (3) the business purpose of each expenditure, and (4) the

business relationship to the taxpayer of the "person or persons entertained".  Sec.

1.274-5T(b)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46015 (Nov. 6, 1985);

see sec. 274(d).

The items substantiating the meals-and-entertainment expenses Crawford

claimed include (1) his testimony (in which he generally asserted that the meals he

claimed on the return were deductible business expenses), (2) receipts for meals or

_____

[4]The strict substantiation requirements apply to "any item with respect to an activity which is of a type generally considered to constitute entertainment".  Sec. 274(d)(2).  The term "entertainment" is defined to include "providing food and beverages".  Sec. 1.274-2(b)(1)(i), Income Tax Regs.

[*16] entertainment, and (3) a list of meals with restaurant names and the business purpose of each meal (which was "Interview/team training" for every meal).

There are many problems with the substantiation Crawford provided. One overarching problem is that the items do not convince us there was a business purpose for any particular meal or for any particular entertainment expense. The mere fact that Crawford introduced a receipt does not mean that the expense corresponding to the receipt was business-related. He admitted that at least some of the meals for which he supplied receipts were personal meals. As for the meal-and-entertainment spreadsheet, Crawford ate many of the meals reflected on this spreadsheet alone. That no one else was present at the meals belies the spreadsheet's description of the business purpose of the meals as "Interview/team training." We conclude that the records submitted by Crawford are too unreliable to be considered "adequate records or * * * sufficient evidence corroborating the taxpayer's own statement". See sec. 274(d). We hold that Crawford has not met his burden to prove that he is entitled to a deduction for meals-and-entertainment expenses in any amount.

6.    Addition to Tax for Failure To File Under Section 6651(a)(1)

The IRS contends that Crawford is liable for a failure-to-timely-file addition to tax of $219.45 for the 2009 tax year. Section 6651(a)(1) imposes an "addition

[*17] to the tax" of 5% of the "amount required to be shown as tax on * * * [a] return" for failure to file the return by its due date (as extended) if "the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate". The IRS bears the burden of production with respect to the taxpayer's liability for this addition to tax. See sec. 7491(c); Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447.[5]

In the stipulation, Crawford and the IRS agreed that Crawford's income tax return was "timely filed". The IRS now argues that Crawford filed his return after the deadline. We reject the IRS's contention. Stipulations are treated "as * * * conclusive admission[s] by the parties". See Rule 91(e); Chapman Glen Ltd. v. Commissioner, 140 T.C. 294, 317 (2013). Under Rule 91(e) we may relieve parties of a stipulation if justice requires. For example, we may relieve parties of a stipulation which is contrary to the record. See Cal-Maine Foods, Inc. v. Commissioner, 93 T.C. 181, 195 (1989) (stating that, where justice requires, the Court may disregard a stipulation which is clearly contrary to the record). In this

---

[5]The amount of the addition to tax is reduced by amounts paid by the filing deadline. Sec. 6651(b)(1). According to the notice, Crawford's tax liability was $4,109 and he made payments of $2,646 before the filing deadline. The difference between $4,109 and $2,646 is $1,463. The addition-to-tax amount as computed in the notice of deficiency is $219.45, which is equal to 5% × 3 months × $1,463.

**[*18]** case the IRS's pretrial memorandum, filed two weeks before trial, asserted that Crawford's return was filed late. However, on the day of trial, the IRS executed the stipulation stating that the return was filed timely. To ignore this stipulation would likely prejudice Crawford, who did not have notice at the time of trial that the IRS would contend that his return was untimely. Furthermore, the IRS has never asked to be relieved of the stipulated statement. It has not supplied an explanation for why the stipulated statement should be ignored. It did not mention the stipulated statement in its brief. These circumstances do not warrant relieving the IRS of the consequences of the stipulation. Therefore we hold that Crawford's income-tax return was timely filed, as the parties stipulated, and that he is thus not liable for any addition to tax for failure to timely file.

7.  Conclusion

We have considered all of the arguments the parties have made, and to the extent that we have not discussed them, we find them to be irrelevant, moot, or without merit.

**[\*19]**  To reflect the foregoing,

Decision will be entered for

respondent with respect to the

deficiency and for petitioner with

respect to the section-6651(a)(1)

addition to tax.
