# United States Tax Court

T.C. Summary Opinion 2024-3

PAUL ANTHONY STEWARD,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 22810-21S.                                    Filed March 28, 2024.

————

Paul Anthony Steward, pro se.

*Melody Morales*, for respondent.

## SUMMARY OPINION

PANUTHOS, *Special Trial Judge*:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated June 17, 2021, respondent determined the following deficiencies, addition to tax, and accuracy-related penalties with respect to petitioner's federal income tax for tax years 2018 and 2019 (years in issue):

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

| Year | Deficiency | Addition to Tax/Penalties | |
| --- | --- | --- | --- |
| | | § 6651(a)(1) | § 6662(a) |
| 2018 | $10,694 | $1,588 | $2,120 |
| 2019 | 15,552 | — | 3,110 |

After concessions,[2] the issues for decision are:

(1) whether petitioner is entitled to deduct car and truck expenses of $11,949 and $19,034 for tax years 2018 and 2019, respectively;

(2) whether petitioner is entitled to deduct travel expenses of $11,002 and $8,400 for tax years 2018 and 2019, respectively; and

(3) whether petitioner is liable for a failure to timely file addition to tax under section 6651(a)(1) of $1,588 for tax year 2018.

## Background

Some of the facts have been stipulated and are so found. We incorporate the Stipulation of Facts as supplemented and the attached Exhibits by this reference. The record consists of the Stipulation of Facts as supplemented, with attached Exhibits and petitioner's testimony. Petitioner resided in California when the Petition was timely filed.

### I. Petitioner's Employment

Petitioner has a background in music and was a performing musician during the years in issue. He performed with his father in the band "Twice As Good," primarily playing blues music. The band played concerts at various venues throughout California and received royalties. Petitioner was the manager of the band, kept records, and hired other artists to perform with the band. Petitioner would drive from his home to perform at the venues.

### II. Petitioner's Travel

In 2016, while petitioner was in business school at Sonoma State University, he worked on an academic project concerning business

---

[2] Respondent concedes unreported wages for tax year 2018; contract labor adjustments for tax years 2018 and 2019; car and truck expenses for tax year 2018 of $2,409; car and truck expenses for tax year 2019 of $2,694; and the accuracy-related penalties under section 6662(a) for tax years 2018 and 2019.

opportunities in Asia and became interested in the music industry in Japan. During the years in issue, petitioner took multiple trips to Japan to learn about the culture and explore possible opportunities. Petitioner stayed in local hotels during the trips. Petitioner did not sign a contract to perform, did not perform in Japan, and did not report any income from music or other activities received while in Japan during the years in issue.

Petitioner retained some personal and business records. Some of petitioner's business records were destroyed in a fire in October of 2018. He did not maintain a contemporaneous mileage log but created a mileage log sometime after the years in issue that lists the time, date, business purpose, and miles traveled between his home and various places of employment. For international travel petitioner created a travel expense report that lists the costs of flights and hotels and briefly describes the purpose of each trip. Petitioner also retained numerous receipts for flights and hotels.

III.     *Petitioner's Tax Returns*

Petitioner filed his Form 1040, U.S. Individual Income Tax Return for tax year 2018 on July 14, 2019. Petitioner did not request an extension of time to file his 2018 return. Petitioner timely filed his Form 1040 for tax year 2019.

Petitioner's 2018 Schedule C, Profit or Loss From Business, reported $11,949 in car and truck expenses and $11,002 in travel expenses. Petitioner's 2019 Schedule C reported $19,034 in car and truck expenses and $8,400 in travel expenses.

On June 17, 2021, respondent issued a notice of deficiency to petitioner for the years in issue, disallowing his Schedule C deductions and determining an addition to tax for 2018 under the provisions of section 6651(a)(1).

*Discussion*

I.     *Burden of Proof*

Generally, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and a taxpayer bears the burden of proving that the determination is in error. *See* Rule 142(a); *Welch v.*

*Helvering*, 290 U.S. 111, 115 (1933).[3]   Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving that he is entitled to any deduction claimed.  *See* Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934).

A taxpayer claiming a deduction on a federal income tax return must demonstrate that the deduction is provided for by statute and must further substantiate that the expense to which the deduction relates has been paid or incurred. § 6001; *Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976); *Meneguzzo v. Commissioner*, 43 T.C. 824, 831–32 (1965); Treas. Reg. § 1.6001-1(a). A taxpayer is required to maintain records sufficient to enable the Commissioner to determine the correct tax liability.  *See* § 6001; Treas. Reg. § 1.6001-1(a).  Such records must substantiate both the amount and purpose of the related expense.  *Higbee v. Commissioner*, 116 T.C. 438, 440 (2001).

When a taxpayer establishes that he has paid a deductible trade or business expense but is unable to adequately substantiate the amount, the Court may estimate the amount and allow a deduction to that extent. *Cohan v. Commissioner*, 39 F.2d 540, 543–44 (2d Cir. 1930). To apply the *Cohan* rule, however, the Court must have a reasonable basis upon which to make an estimate. *Vanicek v. Commissioner*, 85 T.C. 731, 742–43 (1985).  Congress overrode the *Cohan* rule with section 274(d), which requires strict substantiation for certain categories of expenses.  *Sanford v. Commissioner*, 50 T.C. 823, 827–28 (1968), *aff'd per curiam*, 412 F.2d 201 (2d Cir. 1969).  These expenses, including vehicle and travel expenses, require strict substantiation, through adequate records or by sufficient evidence corroborating the taxpayer's own statement, of the amount, time, place, and business purpose of these expenditures. § 274(d).

II.    *Schedule C Business Expenses*

Section 162 generally allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." *Boyd v. Commissioner*, 122 T.C. 305, 313 (2004).  The taxpayer bears the burden of proving that expenses were of

---

[3] Pursuant to section 7491(a), the burden of proof may shift to the Commissioner if the taxpayer introduces credible evidence with respect to any factual issues relevant to ascertaining the taxpayer's tax liability. Because petitioner has not alleged or shown that section 7491(a) applies, the burden of proof remains on him.

a business nature rather than personal and that they were ordinary and necessary. Rule 142(a); *Welch v. Helvering*, 290 U.S. at 115.

Whether an expenditure satisfies the requirements for deductibility under section 162 is a question of fact. *See Commissioner v. Heininger*, 320 U.S. 467, 475 (1943). An ordinary expense is one that commonly or frequently occurs in the taxpayer's business. *Deputy v. Du Pont*, 308 U.S. 488, 495 (1940). A necessary expense is one that is appropriate and helpful in carrying on the taxpayer's business. *Commissioner v. Heininger*, 320 U.S. at 471; Treas. Reg. § 1.162-1(a).

A.    *Car and Truck Expenses*

Vehicle expenses are subject to the strict substantiation requirements of section 274(d). A taxpayer must substantiate by adequate records or by sufficient evidence corroborating his own statement the amount, time, place, and business purpose of these expenditures. § 274(d); Temp. Treas. Reg. § 1.274-5T(c)(1).

Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. Treas. Reg. § 1.274-5(c)(2)(iii); Temp. Treas. Reg. § 1.274-5T(c)(2). Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayer's statement specifically detailing the required elements. Temp. Treas. Reg. § 1.274-5T(c)(3).

Petitioner deducted $11,949 in vehicle expenses for tax year 2018 and $19,034 for tax year 2019, all of which respondent disallowed.

Petitioner contends he regularly traveled by car from his home to various venues where he performed with his band. In support, he introduced a mileage log and documentation of royalties he collected for his performances.[4] The documents list dates of concerts at various venues for the years in issue. He acknowledged that many of the

---

[4] At trial, petitioner informed the Court that he was in the process of obtaining documentation from Broadcast Music, Inc., which collected royalties on his behalf during the years in issue. The Court left the record open to permit petitioner to provide the documentation. Subsequently, petitioner provided the documents to respondent and the parties jointly filed a Second Supplement to First Stipulation of Facts which was entered into the record.

original records were destroyed in a fire and that the mileage log was not made contemporaneously with the events in the years in issue. It is well established that the Court may permit a taxpayer to attempt to substantiate deductions through secondary evidence where the underlying documents have been unintentionally lost or destroyed. *Boyd*, 122 T.C. at 320–21.

The Court is satisfied that petitioner's vehicle expenses were ordinary and necessary considering he was a performing musician and that he had to travel to the venues. At trial respondent conceded $2,409 of car and truck expenses for tax year 2018 and $2,694 of car and truck expenses for tax year 2019. After trial, in the Second Supplement to First Stipulation of Facts, respondent further conceded car and truck expenses for the years in issue.

There is nothing in the record from which we can allow any additional amounts of vehicle expenses. Petitioner has not met the section 274(d) strict substantiation requirements for any additional amounts. Therefore, petitioner is entitled to claim 9,074 miles for tax year 2018 and 11,896 miles for tax year 2019; otherwise respondent's determination is sustained.

B.    *Travel Expenses*

Section 162(a)(2) allows taxpayers to deduct traveling expenses if they are: (1) ordinary and necessary, (2) incurred while away from home, and (3) incurred in the pursuit of a trade or business. *See Commissioner v. Flowers*, 326 U.S. 465, 470–72 (1946). Carrying on a trade or business requires more than initial research into business potential and the solicitation of potential customers. *See Christian v. Commissioner*, T.C. Memo. 1995-12. If a "trip is undertaken for both business and personal reasons, travel expenses are deductible only if the primary purpose of the trip is business." *Crawford v. Commissioner*, T.C. Memo. 2014-156, at *12 (citing Treas. Reg. § 1.162-2(b)). Determining the purpose of a trip is a fact-based analysis which depends, in part, on the ratio of time the taxpayer spends on personal and business activities. *See id.*

Travel expenses are subject to the strict substantiation requirements of section 274(d). To deduct travel expenses a taxpayer must substantiate with adequate records or by sufficient evidence corroborating his own statement: (1) the "[a]mount of each separate expenditure for traveling away from home"; (2) "[d]ates of departure and return for each trip away from home, and number of days away from

home spent on business"; (3) "[d]estinations or locality of travel, described by name of city or town or other similar designation"; and (4) the "[b]usiness reason for travel or nature of the business benefit derived or expected to be derived as a result of travel." Temp. Treas. Reg. § 1.274-5T(b)(2), (c)(1); *see also* § 274(d).

Petitioner deducted a total of $19,402 in travel expenses for the years in issue, all of which respondent disallowed.

In support, petitioner introduced a travel expense report that lists the trip dates and costs and briefly describes the purpose of the travel. He also produced receipts for flights and hotels. He described the trips as "market research" and noted various reasons for his trips which included visiting the "Sony Records office," meeting to develop a music class, observing the culture, and discussing the use of blockchain in the music industry. At trial petitioner testified that his travel expenses related to trips taken to Japan to learn about the music culture, visit venues, and network with people involved in the music industry, ultimately in preparation for petitioner to perform in Japan.

Respondent advanced arguments that petitioner traveled for personal reasons. Alternatively, respondent questioned whether petitioner's travel expenses during the years in issue involved starting a new business and asserted the expenses should be categorized as startup expenses under section 195.[5]

Although petitioner provided some evidence to corroborate amounts of expenses, dates of travel, and destinations, he did not provide sufficient evidence to corroborate his business reasons for travel. *See* Temp. Treas. Reg. § 1.274-5T(b)(2), (c)(1). There is very little detail provided about the meetings and the business purpose of any meetings. It is clear that petitioner did not perform or receive income during the trips to Japan. While petitioner provided emails that corroborate his business purpose for travel in other years, he did not provide any for the years in issue. Petitioner claims many of his records were lost in a fire. While the Court may allow substantiation through secondary evidence when the underlying documents have been destroyed, petitioner has not

---

[5] We are satisfied that petitioner was engaged in an ongoing business considering that Twice As Good continued to be active in the years before and after the years in issue. We do not need to decide whether petitioner's international travel was part of the same activity given that he has not met the strict substantiation requirements of section 274(d) discussed *infra*.

provided sufficiently detailed secondary evidence. *See Boyd*, 122 T.C. at 320–21.

On the basis of the record, we conclude that petitioner has failed to meet the strict substantiation requirements under section 274(d). Therefore, petitioner is not entitled to deductions for travel expenses for the years in issue.

III.  *Failure to File Addition to Tax*

Section 6651(a)(1) imposes an addition to tax for failure to file a return timely unless it is shown that such failure was due to reasonable cause and not due to willful neglect. *See United States v. Boyle*, 469 U.S. 241, 245 (1985). A failure to file a federal income tax return timely is due to reasonable cause if the taxpayer exercised ordinary business care and prudence but nevertheless was unable to file the return within the prescribed time, typically for reasons outside the taxpayer's control. *See McMahan v. Commissioner*, 114 F.3d 366, 368–69 (2d Cir. 1997), *aff'g* T.C. Memo. 1995-547; Treas. Reg. § 301.6651-1(c)(1).

The Commissioner bears the burden of production with respect to an individual taxpayer's liability for additions to tax. *See* § 7491(c); *Higbee*, 116 T.C. at 446–47. Once the Commissioner has met his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect or that the taxpayer has an affirmative defense. *See Higbee*, 116 T.C. at 447.

The record clearly reflects that the tax return for tax year 2018 was filed after the due date. Respondent has satisfied his burden.

Petitioner contends there were some personal hardships in tax year 2018 that made it difficult to keep good records and file a timely return. Although we are sympathetic, petitioner failed to introduce evidence showing that there was reasonable cause for filing his return late. Accordingly, we will sustain respondent's imposition of the addition to tax under section 6651(a)(1) for tax year 2018.

We have considered all arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered under Rule 155.*